IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-01312-RM-NRN

LARON ANTONIO DONALD,

    Plaintiff,

v.

DOUG PEARSON, Dr., Dentist, Arkansas Valley Correctional Facility
MARK FAIRBAIRN, Warden, Arkansas Valley Correctional Facility,
LINSDAY GOUTY, H.S.A., Arkansas Valley Correctional Facility,
MICHAEL HALE, Dr., Chief of Dentistry, Colorado Department of Corrections,
MICHELLE BRODEUR, Director of Clinical and Correctional Services, Colorado Department of Corrections, and
CHRISTOPHER MAUL, Chief Medical Officer, Colorado Department of Corrections,

    Defendants.

---

## ORDER

---

Before the Court is Plaintiff's Objection to the Court's Order denying his request for a preliminary injunction and temporary restraining order. (ECF No. 22.) The Court overrules the Objection for the reasons below.

**I.    BACKGROUND**

Plaintiff is a state prisoner proceeding pro se. On August 18, 2022, the Court denied Plaintiff's request for injunctive relief based on Defendants' alleged deliberate indifference to his serious pain and need for dental treatment. The Court found Plaintiff had established neither the objective nor the subjective components of an Eighth Amendment claim. Nor had he alleged conduct by Defendant Pearson that would chill a person of ordinary firmness from filing

grievances such that he was likely to prevail on a retaliation claim based on the First and Fourteenth Amendments.

## II. LEGAL STANDARDS

### A. Injunctive Relief

To obtain a temporary restraining order or injunction, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

### B. Pro Se Plaintiff

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

In his Objection, Plaintiff contends the Court erred by concluding he failed to establish a sufficiently serious medical need to satisfy the objective component of his Eighth Amendment claim. He contends he has "numerous dental needs," including "cavities" and an "infection." (ECF No. 22 at 2.) "To satisfy the objective component of a deliberate indifference claim arising under the Eighth Amendment, the alleged deprivation must be sufficient serious to constitute a deprivation of constitutional dimension." *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir.

2006) (quotation omitted). The Court finds Plaintiff's allegations fall short of satisfying the "substantial harm" requirement of a deliberate indifference claim. *Cf. id.* at 1292-93. Moreover, the fact that Plaintiff repeatedly complained to Defendants does not establish that Defendants knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. *See id.* at 1293. Plaintiff points to no other evidence to support the subjective component of his claim. Accordingly, Plaintiff has not established a likelihood of prevailing on the merits with respect to either element of his deliberate indifference claim.

Nor has he shown that the alleged threats made by Defendant Pearson were sufficiently serious to chill a person of ordinary firmness. Plaintiff's asserted belief that Defendant Pearson intended to hurt him is irrelevant. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007) (noting that the standard for evaluating whether the defendant's actions would chill a person of ordinary firmness is an objective one). Plaintiff alleges that Defendant Pearson asked him if he thought it was wise to file a grievance against the one who was going to perform a procedure on him. He also alleges that after he yelled out for help, Defendant Pearson told him to "shut up." The Court finds these allegations are insufficient to establish a likelihood of prevailing on a retaliation claim.

### IV. CONCLUSION

Therefore, Plaintiff's Objection (ECF No. 22) is OVERRULED.

DATED this 30th day of September, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge