IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01312-RM-NRN

LARON ANTONIO DONALD,

    Plaintiff,

v.

DR. DOUGLAS L. PEARSON, Dentist,
WARDEN MARK FAIRBAIRN,
LINDSAY GOUTY, H.S.A.,
DR. MICHAEL HALE, Chief of Dentistry,
MICHELLE BRODEUR, Director of Clinical and Correctional Services, and
CHRISTOPHER MAUL, Chief Medical Officer,

    Defendants.

---

### RULE 12(b)(6) MOTION TO DISMISS

---

Defendants Fairbairn, Gouty, Hale, Brodeur and Maul (the "CDOC Defendants"),[1] by and through the Colorado Attorney General, hereby submit the following Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR.7.1(b)(1) and (2), conferral with Plaintiff is not required because he is an unrepresented prisoner.

### STATEMENT OF THE CASE

---

[1] Dr. Douglas Pearson is represented by other counsel. This Motion is not filed on behalf of Dr. Pearson.

1

Plaintiff LaRon Donald is an inmate currently incarcerated at Arkansas Valley Correctional Facility ("AVCF") in the custody of the Colorado Department of Corrections ("CDOC"). In his Amended Complaint, Donald brings claims against the CDOC Defendants in their individual and official capacities for alleged violations of his First and Eighth Amendment rights in connection with the (purportedly) deficient dental care he received from Dr. Douglas Pearson, a dentist at AVCF. (ECF No. 9, at pp. 3-5.) Donald requests both monetary damages as well as declaratory and injunctive relief for the alleged constitutional violations. (*Id.* at p. 21.)

Specific to the CDOC Defendants, Donald brings three claims. First, Donald asserts a deliberate indifference claim against Defendants Fairbairn, Gouty and Hale based on allegations that they failed to provide treatment for Donald's serious medical needs, in violation of the Eighth Amendment. (*Id.* at ¶¶ 122-124.) Donald then asserts theories of liability against Defendants Brodeur, Maul, Hale and Fairbairn that are premised on their duties as supervisors of both Dr. Pearson, as well as other, unnamed subordinates. Donald claims that they, collectively, created and/or allowed an unconstitutional policy or custom to exist, which in turn resulted in Donald's Eighth Amendment rights being violated. (*Id.* at ¶¶ 126-134.) Relatedly, he also alleges that Defendants Brodeur, Maul, Hale and Fairbairn failed to train and/or supervise their subordinates, which resulted in further violations of his Eighth and First Amendment rights. (*Id.* at ¶¶ 137-140.)

In his Amended Complaint, Donald first fails to satisfy both the objective and subjective components of a deliberate indifference claim. Furthermore, Donald does not allege facts sufficient to demonstrate that any of the Defendants had a culpable state of mind, personal involvement, or causal connection to any of the claimed constitutional violations. Finally, because Donald fails to state a claim under either the First or Eighth Amendments, the CDOC

Defendants are also entitled to qualified immunity. The CDOC Defendants therefore respectfully request dismissal of all of Donald's claims against them.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570) (2007)). The court's duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Detailed factual allegations are not required, but a plaintiff must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And while pro se complaints are construed liberally, the court does not supply additional facts or construct a legal theory for the plaintiff. *Smith v. U.S.*, 561 F.3d 1090, 1096 (10th Cir. 2009). Finally, as addressed in more depth immediately below, a court considering a Rule 12(b)(6) dismissal motion generally may consider documents attached as exhibits where such documents are central to the plaintiff's claims, and the parties do not dispute their authenticity. *See Alvarado v. KOB-TV LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## ARGUMENT

I.   **This Court may properly consider documents Donald attached to the Amended Complaint in determining the Motion to Dismiss.**

When deciding a motion to dismiss under Rule 12(b)(6), a court may consider exhibits attached to the complaint "if they 'are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Brokers Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381,1385 (10th Cir. 1997) ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and th[e] rationale for conversion to summary judgment dissipates."). "[A]lthough we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff, if there is a conflict between the allegations in the complaint and the content of the attached exhibit, the exhibit controls." *Brokers Choice of Am., Inc.*, 861 F.3d at 1105; *see also Corrigan v. Bd. of Trs. of Metro. State Univ. of Denver*, No. 19-cv-02475-CMA-NYW, 2020 WL 3567049, at *5 (D. Colo. July 1, 2020) (holding that when reviewing the sufficiency of a complaint, if a properly considered document outside the pleadings "contains facts contradicting the allegations of a complaint, a court is no longer required to treat the complaint's allegations as well-pleaded facts that are true."). "A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992).

Here, the CDOC Defendants do not dispute the authenticity of the grievances and responses attached in Exhibits 10 through 18, and by submitting the grievances and responses as an exhibit to support his allegations, Donald also does not contest their authenticity. Donald's grievances are central to his claim that various CDOC officials were on notice of, and deliberately indifferent to, his serious medical needs. These grievances are also central to

4

Donald's retaliation claim, because he alleges he was retaliated against for submitting grievances against Dr. Pearson. (*See* ECF No. 9 at ¶¶ 72, 83-84, 138.) Consequently, the documents attached as Exhibit 10 through 18 may properly be considered in determining the CDOC Defendants' Motion.

**II.     Donald fails to state an Eighth Amendment deliberate claim against any CDOC Defendant.**

Claims One and Two of Donald's Amended Complaint focus on the treatment, or lack thereof, that he received from Dr. Douglas Pearson, who is not represented by undersigned counsel. In Claim Three, Donald asserts that CDOC Defendants Fairbairn, Gouty, and Hale were aware of Donald's serious and worsening medical condition but failed to provide treatment.[2] In Claims Four and Five, Donald asserts various theories of supervisor liability as a means of establishing an Eighth Amendment violation against Defendants Brodeur, Fairbairn, Hale and Maul.[3]

The Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Supreme Court has made clear that deliberate indifference "describes a state of mind more blameworthy than negligence," and requires proof of "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (1994). The deliberate indifference standard includes both an objective and subjective component. *Martinez v. Beggs*,

---

[2] Defendant Mark Fairbairn is the Warden of AVCF; Defendant Lindsay Gouty is the Health Services Administrator at AVCF; and Defendant Michael Hale is the Chief of Dentistry for the CDOC.

[3] Defendant Michelle Brodeur is the Director of Clinical and Correctional Services for the CDOC. Defendant Christopher Maul is the Chief Medical Officer for the CDOC.

5

563 F.3d 1082, 1088 (10th Cir. 2009). First, a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834.

Second, the prisoner must satisfy the subjective component of a deliberate indifference standard, which requires an inmate to provide either direct or circumstantial evidence from which a jury could reasonably infer that prison officials consciously disregarded a substantial risk to the inmate's health or safety. *Self v. Crum*, 439 F.3d 1227, 1235 (10th Cir. 2006). "The subjective prong is met if prison officials intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed." *Redmond v. Crowther*, 882 F.3d 927, 940 (10th Cir. 2018) (brackets and internal quotation marks omitted). Deliberate indifference means that "a prison official may be held liable…only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

In addition to adequately pleading the objective and subjective components of an Eighth Amendment deliberate indifference claim, a plaintiff must also show that each defendant, through direct participation, caused a direct violation of plaintiff's constitutional rights, and that each defendant had the requisite state of mind. *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013). "Failure to make this showing both dooms [a] plaintiff's § 1983…claims and entitles defendants to qualified immunity." *Id.*

    **a. Donald has not adequately alleged either the subjective or objective components of a deliberate indifference claim.**

As a threshold matter, to prevail on an Eighth Amendment claim based on deliberate indifference to his serious medical needs, Donald must establish (1) he experienced a sufficiently serious medical need, and (2) that the Defendants disregarded an excessive risk to his health and

safety. *See Mata v. Saiz*, 427 F.3d 745, 751-52 (10th Cir. 2005). In his Amended Complaint, Donald has done neither.

Donald fails to satisfy the subjective prong of a deliberate indifference claim because he does not allege any facts to plausibly demonstrate that Dr. Pearson knew Donald faced a risk of harm *and then disregarded that risk by failing to take reasonable measures*. To the contrary, Donald's Amended Complaint and exhibits demonstrate his medical need at issue was *not* disregarded; indeed, he repeatedly was offered treatment for his dental pain. Within three weeks of submitting a "Request for Sick Call," Donald received an appointment at the AVCF dental clinic. (ECF No. 9 at ¶¶ 2, 4.) During this appointment, Dr. Pearson took x-rays, spoke with Donald about his tooth discomfort, and developed a treatment plan that consisted of removing three partially erupted wisdom teeth and providing dental fillings to some decayed teeth. (*Id.* at ¶ 5; ECF No. 1-1, p. 6, Ex. 10.) Dr. Pearson advised Donald to submit a kite requesting treatment for these matters.[4] (ECF No. 1-1, p. 6, Ex. 10.) When Donald next saw Dr. Pearson in December of 2021, Donald was reluctant to have any teeth pulled and left the appointment. (ECF No. 9, at ¶ 65, 73-75.) Rather than being deliberately indifferent to his condition, Donald's Amended Complaint indicates that Dr. Pearson offered him reasonable measures to abate his pain.

To the extent that Donald alleges he should have received *different* medical treatment, to include a mouth guard and fillings, Donald's disagreement with Dr. Pearson's medical judgment does not demonstrate that Dr. Pearson was "deliberately indifferent" to his dental needs for the purposes of stating a constitutional violation. While an inmate has a constitutional right to receive suitable medical care, an inmate is not entitled to receive whatever particular care or

---

[4] Following Donald's May 3, 2021 appointment with Dr. Pearson, at which time both cavity fillings and tooth extraction were recommended by Dr. Pearson, Donald apparently did not put in a request for further dental treatment until October 18, 2021. (ECF No. 1-1, p. 6, Ex. 10.)

treatment they desire. *Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016) (an inmate is not entitled to "the type or scope of medical care which he personally desires") (internal quotation omitted); *see also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (disagreement with a prescribed course of treatment does not give rise to a constitutional violation).

Here, Donald's Amended Complaint alleges only differences of opinion with Dr. Pearson as to the appropriate way to address his dental pain. Donald clearly believes that unfilled cavities and his involuntary grinding of his teeth at night were the sources of his considerable pain, and that appropriate treatment should have consisted of fillings and a mouth guard. (ECF No. 9, at ¶¶ 8-11.) Dr. Pearson, by contrast, felt that mouth guards could be counterproductive. (ECF No. 1-1, p. 6, Ex. 10.) Donald's Amended Complaint and attached exhibits reveal that he was offered treatment for his dental pain, which he ultimately refused.[5] Because mere disagreement with prison officials regarding medical care does not satisfy the subjective prong of a deliberate indifference claim, *see Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006), Donald has not stated an Eighth Amendment violation against Dr. Pearson.

Donald also fails to adequately plead the objective component of a deliberate indifference claim. While an inmate's assertion of considerable pain can be a sufficiently serious medical condition so as to satisfy the objective prong, *see Mata*, 427 F.3d 745, 751 (10th Cir. 2005), a court must still assess a plaintiff's factual allegations for plausibility. *See Ashcroft*, 556 U.S 662,

---

[5] In responding to Donald's December 30, 2021 grievance alleging a denial of dental treatment, Dr. Pearson wrote, "On your most recent visit you were aggressive because you could not force me to accept your diagnosis and treatment plan rather than the one I had put together…If you choose to follow the treatment recommendations presented to you[, you] may put in a kite requesting that treatment. If you do not wish to accept the treatment that has been recommended, you may refuse to request treatment." (ECF No. 1-1, p. 12, Ex. 16.)

678. A "plausible" claim is one in which the pleader has shown more than an abstract possibility. *Id.* Here, Donald claims that unfilled cavities and nocturnal teeth grinding are objectively serious because a combination of the two are causing him severe pain; however, a review of his attachments demonstrates another, exceedingly more likely source of his dental pain: three partially erupted wisdom teeth. (ECF No. 1-1, p. 6, Ex. 10.) Donald's conclusory attribution of his pain to cavities and teeth grinding is not plausible, and therefore cannot establish the objective component of his Eighth Amendment claim.

Overarchingly, Donald's Amended Complaint demonstrates that Dr. Pearson offered Donald professional care for his dental problems, but that Donald disagreed with and ultimately refused the treatment offered by Dr. Pearson. As such, Donald has not stated an underlying deliberate indifference claim against Dr. Pearson. Donald does not appear to assert that he asked any of the remaining CDOC Defendants to personally take up the implements of dentistry and attempt to fill his cavities, let alone that they refused to do as much. Because Donald has not adequately alleged an underlying deliberate indifference claim against any defendant, his Amended Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

    **b. To the extent he seeks damages, Donald has not adequately alleged any CDOC defendants' personal participation in any conduct that violated his constitutional rights.**

In his Amended Complaint, Donald indicates that he is suing all Defendants in both their individual and official capacities. (ECF No. 9, at pp. 3-5.) Assuming, arguendo, that Donald has pled an underlying deliberate indifference claim against Dr. Pearson, he still cannot pursue his individual capacity claims because he has not adequately alleged the personal involvement of any CDOC Defendant in his Amended Complaint.

9

The Tenth Circuit precedent on this issue is well-established. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). There must be an affirmative link between the alleged constitutional violation and each individual defendants' participation, control, direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). The mere fact that a government official has supervisory or managerial authority does not create § 1983 liability. *Id.* (citing *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)).

In order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

### i. Defendant Lindsay Gouty (Health Services Administrator, AVCF)

Donald's only claim against Defendant Gouty, a Health Services Administrator ("HSA") at AVCF, is that she failed to provide treatment for his serious medical need. (ECF No. 9, ¶¶ 122-123.) Donald does not assert that she created or allowed a particular policy or custom, or that she failed to train or supervise any subordinates.

Donald does not allege that Gouty had the necessary education and training to directly provide him with dental care, but that she refused to do so. Nor does he allege that it was within her authority to find him a different dentist. Furthermore, Donald makes no allegations that Gouty played any role in determining his course of treatment, or that she interfered with a course

10

of treatment prescribed by another. While a prison medical professional who serves solely as a gatekeeper for other medical personal capable of treating a condition may be liable under a deliberate indifference standard if she "delays or refuses to fulfill that gatekeeper role," *see Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000), Donald has made no such allegations against Gouty. As such, Donald has pled no facts which show an "affirmative link" between any action (or inaction) by Gouty, and the claimed violation of his Eighth Amendment rights. Accordingly, his claim against Gouty must be dismissed.

> ii.  *Defendant Mark Fairbairn (Warden, AVCF)*

Donald's claims against Fairbairn are two-fold. First, he asserts that Fairbairn, like Gouty, failed to provide treatment for Donald's serious medical need. (ECF No. 9, at ¶¶ 122-123.) Donald also claims that Fairbairn, together with Defendants Hale, Brodeur and Maul, allowed an unconstitutional policy or custom, and failed to supervise and/or train his subordinates. (*Id.* at ¶¶ 126, 129, 137-139.)

Like Gouty, Donald does not allege that Fairbairn, as Warden of AVCF, should have personally provided him with dental care. He also does not allege that it was within Fairbairn's authority to procure a different dentist. Absent any claim that Fairbairn had the ability to order different dental care but failed to do so, Donald has again failed to establish the requisite affirmative link between Fairbairn's actions and Donald's alleged constitutional deprivation.

To the extent that Donald's claims against Fairbairn are premised on Fairbairn's duties as a supervisor, these also fail. Donald makes no allegation that Fairbairn was personally involved in creating or allowing a policy or custom of "encourag[ing] all prison officials into inaction or [to] 'look the other way' and to quell prisoner's serious complaints." (ECF No. 9, at ¶ 129.)

11

Donald's claimed source of knowledge for Fairbairn's involvement in the creation of such a policy or custom – "upon belief and information" – is wholly insufficient in this regard. (*Id.*)

To prevail on a theory of supervisory liability that is premised on a failure to train, "a plaintiff must ordinarily show a defendant 'had actual or constructive notice that a particular omission in [a training] program cause[d officials] to violate citizens' constitutional rights' and nonetheless 'made a conscious choice to retain [the] deficient training program.'" *Hurst v. Madera*, No. 16-CV-01914-KMT, 2018 WL 684769, at *5 (D. Colo. Feb. 2, 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). As a threshold matter, Donald fails to identify a specific training program that he finds objectionable. Furthermore, Donald's Amended Complaint is utterly void of any allegation that Fairbairn knew or should have known that the (unidentified) training program within his area of responsibility would result in a violation of Donald's constitutional rights. Accordingly, Donald's claims against Fairbairn should be dismissed regardless of the theory of constitutional violation.

### iii. Defendant Michael Hale (Chief of Dentistry, CDOC)

Donald's Eighth Amendment claim against Hale is premised on Donald's assertion that, after reviewing both Donald's grievances against Dr. Pearson as well as his dental history, Hale "did nothing to intervene or provide [Donald] with medical treatment."[6] (ECF No. 9, at ¶ 102.) Donald further asserts identical theories of supervisory liability against Hale as he did Fairbairn.

Donald does not allege that Hale was physically present while Donald was being seen by Dr. Pearson. As such, it is unclear what Donald believes Hale could have done by way of intervention. Furthermore, he does not state what, exactly, Hale would have seen in Donald's

---

[6] In his Amended Complaint, Donald states that he "does not maintain that simply because Hale answered the grievance that his is culpable." (ECF No. 9, at ¶ 102.)

dental history that would have alerted Hale to Donald's serious (and untreated) medical needs. Donald also doesn't allege that he affirmatively asked Hale to provide dental treatment, which Hale then refused. To the contrary, in Hale's response to Donald's November 8, 2021 grievance, Hale advises Donald to submit a request for dental treatment, or to self-declare an emergency if Donald is experiencing pain.[7] (ECF No. 1-1, p. 7, Ex. 11.) As such, Donald does not sufficiently allege an "affirmative link" between Hale's conduct and an alleged Eighth Amendment violation.

Donald's theories of supervisor liability against Hale fail for the same reasons that the allegations against Fairbairn are insufficient. Donald does not adequately allege that Hale established a policy or custom that directly caused Mr. Donald's alleged constitutional deprivations. Donald also does not specify *who* Hale failed to supervise, nor does he identify the specific training program within Hale's purview that was allegedly deficient.

> iv. *Defendants Michelle Brodeur and Christopher Maul (Director of Clinical and Correctional Services and Chief Medical Officer, CDOC)*

The allegations against Defendants Brodeur and Maul based solely on their duties as supervisors, and are similarly insufficient to demonstrate their personal involvement, causal connection to a constitutional violation, or culpable state of mind.

The Tenth Circuit has stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). "[I]t is particularly important" that plaintiffs "make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations." *Id.* A plaintiff must identify

---

[7] Donald did not self-declare an emergency. (ECF No. 9, at ¶¶ 54-55.)

specific actions taken by particular defendants in order to plead a viable § 1983 claim. *Id.* at 1226.

In his Amended Complaint, Donald does no more than lump Brodeur and Maul together with the other CDOC Defendants and then state, in a wholly conclusory manner, that they (somehow) were involved in allowing AVCF to be run in a constitutionally deficient manner. Donald attributes no specific actions to either. Such conclusory allegations of personal participation are insufficient to state a claim for relief. *See Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018). Because Donald utterly fails to include sufficient factual detail to state a plausible Eighth Amendment violation against either Brodeur or Maul, Donald's claims against them should be dismissed.

### III.   Donald fails to state a First Amendment claim against any CDOC Defendant.

Donald's Amended Complaint also cites to the First Amendment, and claims that Dr. Pearson committed acts which Donald believes were retaliatory in nature. Donald then alleges that Defendants Maul, Brodeur, Hale and Fairbairn failed to train and/or supervise their subordinates, resulting in a violation of his First Amendment rights by the CDOC Defendants, as well.[8] (ECF No. 9, at ¶¶ 137-138.)

Here, Donald does not sufficiently allege facts supporting the elements necessary to establish an underlying retaliation claim against Dr. Pearson. To state a claim that an individual was retaliated against for exercising his constitutional rights, that individual must allege that: (1)

---

[8] In his second claim, Donald appears to allege that Dr. Pearson retaliated against him for filing grievances against Dr. Pearson, in violation of Donald's First Amendment rights. (ECF No. 9, at ¶¶ 72, 83-84.) As retaliation for Donald filing grievances against him, Donald alleges that Dr. Pearson verbally chastised him, forcefully and painfully shoved a mirror into his hand, and provided no dental treatment during a December 29, 2021 dental appointment. (*Id.* at ¶¶ 70-72, 83-84.)

he was engaged in constitutionally protected activity; (2) the actions in question caused the individual to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse actions were substantially motivated as a response to the individual's exercise of constitutionally protected conduct. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). A plaintiff is required to allege specific facts showing that but for the retaliatory motive, the adverse incidents in question would not have taken place. *See Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990).

Donald's alleged facts are insufficient to support a retaliation claim against Dr. Pearson for two reasons. First, Donald's Amended Complaint demonstrates that he was *not* chilled from continuing to engage in the protected activity (here, his filing of grievances against Dr. Pearson). After Donald (allegedly) was assaulted and denied dental treatment by Dr. Pearson on December 29, 2021, Donald went on to file an additional grievance against Dr. Pearson. (ECF No. 9, at ¶ 85; ECF No. 1-1, p. 12, Ex. 16.) Second, Donald does not establish the causal link that is needed to show a retaliation claim. Indeed, Donald's attached exhibits undermine his assertion that his filing of grievances against Dr. Pearson was the "but for" cause of his not receiving dental treatment on December 29, 2021. In responding to the additional grievance filed by Donald, Dr. Pearson wrote, "You have misstated the circumstances that transpired during your dental visits. On your most recent visit you were aggressive because you could not force me to accept your diagnosis and treatment plan rather than the one I had put together. Your aggressiveness escalated and you had to be escorted from the dental clinic by security." (*Id.*) Because Donald has failed to plausibly plead an underlying retaliation claim against Dr. Pearson, his First Amendment claims against Defendants Maul, Brodeur, Hale and Fairbairn should also be dismissed.

Furthermore, Donald's supervisor liability theories for a First Amendment violation as to the CDOC Defendants fail for the same reasons as his Eighth Amendment supervisory liability claims. As with his Eighth Amendment claim, Donald fails to plead any facts – let alone sufficient facts – that would identify the constitutionally deficient training program at issue. Donald also does not state *who*, exactly, the CDOC Defendants failed to supervise. Instead, he seems to blanketly allege that all CDOC Defendants supervised all CDOC staff, without any further specificity. (*See Id.* at ¶¶ 137-140.) That is not sufficient for the claim to proceed past the dismissal stage of the case.  Merely saying that a failure to train – or a failure supervise – caused a First Amendment violation, without alleging facts to show *how* the purported failure resulted in a constitutional violation, is not enough.

IV. **Donald is not entitled to injunctive relief because he has not stated an Eighth or First Amendment claim against any CDOC Defendant.**

To the extent that Donald is suing the CDOC Defendants in their official capacities, he seeks injunctive relief. (*Id.* at p. 21.) For the reasons stated above, Donald has failed to state a viable claim against any individual defendant. In the event this Court construes Donald's claims as the individual CDOC Defendants as a suit against the CDOC as an entity itself, his claims should still fail. Donald has not shown an underlying constitutional violation to support a claim for failure to train or supervise, *see Crowson v. Washington Cnty.*, 983 F.3d 1166, 1184 (10th Cir. 2020), nor has he adequately alleged that a policy or custom played a part in any alleged constitutional violations. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S 658, 690 (1978)). For these reasons, Donald's request for injunctive relief should be denied.

V. **Because Donald fails to state either an Eighth Amendment or First Amendment claim, qualified immunity applies.**

Finally, Donald's claims for money damages against the CDOC Defendants should be dismissed because they are entitled to qualified immunity. To promote the efficient administration of public services, the doctrine of qualified immunity "shields government officials performing discretionary functions from individual liability under § 1983 unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (internal citations omitted). Qualified immunity generally is an affirmative defense to a lawsuit brought under § 1983. *See Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995). "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014).

When a defendant asserts qualified immunity, the plaintiff bears a heavy two-part burden of proof. *See Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004); *DeSpain*, 264 F.3d at 971. Specifically, the plaintiff must show that: (1) the defendant violated the plaintiff's federal constitutional or statutory rights, and (2) the right was clearly established at the time of the violation in the circumstances faced by the defendant. *See Reynolds*, 370 F.3d at 1030. If a plaintiff fails to demonstrate either of these two parts, the court must grant a defendant qualified immunity. *See Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

Here, as explained above, Donald fails to state a claim for money damages against the CDOC Defendants. By necessary implication, then, his Amended Complaint cannot satisfy the first prong of the qualified immunity analysis – a plaintiff who fails to allege a cognizable constitutional claim necessarily does not allege a clearly-established one. *See Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018) ("It is true that if the plaintiff failed to state a claim under

17

Rule 12(b)(6), the government would also be entitled to qualified immunity."). Therefore, dismissal of that claim is warranted for this reason, as well.

## CONCLUSION

For the foregoing reasons, the CDOC Defendants respectfully request that Plaintiff Donald's Amended Complaint be dismissed.

Respectfully submitted this 11th day of October, 2022.

        PHILIP J. WEISER
        Attorney General

        */s/ Kelley M. Dziedzic*
        KELLEY M. DZIEDZIC*
        ABIGAIL L. SMITH*
        Assistant Attorneys General
        Colorado Department of Law
        1300 Broadway, 10th Floor
        Denver, Colorado 80203
        Telephone: 720-508-6647 (Dziedzic)
                       720-508-6233 (Smith)
        E-mail: kelley.dziedzic@coag.gov
                    abigail.smith@coag.gov
        *Attorneys for CDOC Defendants*
        *Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that on October 11, 2022, I have served the **NOTICE OF ENTRY OF APPEARANCE** upon all parties herein by e-filing with the CM/ECF system maintained by the court and by depositing a copy of the same in the United States mail, postage prepaid, at Denver, Colorado, on October 12, 2022, addressed as follows:

LaRon Antonio Donald, #166995
Arkansas Valley Correctional Facility (AVCF)
12750 Highway 96 at Lane 13
Ordway, CO 81034
*Plaintiff, Pro Se*

*Courtesy copy e-mailed to:*
Adrienne Sanchez, CDOC

        */s/ Laressa Gonzalez & Mariah Cruz-Nanio*