IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-01312-RM-NRN

LARON ANTONIO DONALD,

    Plaintiff,

v.

DOUGLAS L. PEARSON, Dentist,
MARK FAIRBAIRN, Warden,
LINDSAY GOUTY, H.S.A.,
MICHAEL HALE, Chief of Dentistry,
MICHELLE BRODEUR, Director of Clinical and Correctional Services, and
CHRISTOPHER MAUL, Chief Medical Officer,

    Defendants.

___

**ORDER**

___

Before the Court is the Recommendation by United States Magistrate Judge N. Reid Neureiter (ECF No. 66) to grant the Motion to Dismiss by Defendants Fairbairn, Gouty, Hale, Brodeur, and Maul (the "CDOC Defendants") (ECF No. 32) and to grant in part and deny in part the Motion to Dismiss by Defendant Pearson (ECF No. 34). Plaintiff, who proceeds pro se, and Defendant Pearson have filed Objections to the Recommendation (ECF Nos. 67, 71). Defendants have filed Responses to Plaintiff's Objection (ECF Nos. 72, 73), and Plaintiff has filed a Reply (ECF No. 74). No party responded to Defendant Pearson's Objection. For the reasons below, the Court—except as noted as to two minor background matters—overrules the Objections and adopts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.     BACKGROUND

Plaintiff brought this lawsuit under 42 U.S.C. § 1983 because he could not obtain satisfactory dental care while in the custody of the Colorado Department of Corrections.  In his Amended Prisoner Complaint (ECF No. 9) he asserts five claims against six Defendants for their purported roles in failing to provide adequate care.  Defendants' Motions to Dismiss were referred to the magistrate judge.  After they were fully briefed (ECF Nos. 45, 46, 53, 54), the magistrate judge heard argument from the parties and issued the Recommendation.

In the Background section of the Recommendation, the magistrate judge summarized the nonconclusory allegations in the Complaint.  Defendant Pearson does not object to the magistrate judge's recitation of the relevant facts, and Plaintiff challenges just two aspects of the magistrate judge's description of Defendant Pearson's diagnoses and prescriptions.

First, the Recommendation states that in May 2021, "Defendant Pearson diagnosed [Plaintiff] with several dental needs, including a few teeth with early routine decay that would require fillings, and three partially erupted molars."  (ECF No. 66 at 2.)  In his Objection, Plaintiff suggests this understates his dental needs because, in response to a grievance Plaintiff filed, Defendant Pearson wrote that "[t]he x-rays and examination revealed a number of dental needs, among which were a few teeth with early routine decay needing fillings, and three partially erupted third molars . . . ."  (ECF No. 1-1 at 6.)  Although the Court does not see much of a difference between teeth "needing fillings" and teeth "that would require fillings," in the interest of construing Plaintiff's allegations in the light most favorable to him and drawing all reasonable inferences in his favor, the Court construes Plaintiff's allegations to include the specific allegation that as of May 2021 his teeth were diagnosed by Defendant Pearson as "needing fillings."

Second, the Recommendation states that fourteen weeks later, in August 2021, "Defendant Pearson informed [Plaintiff] that the cavities could 'go longer' before treatment was required."  (ECF No. 66 at 2.)  In his Objection, Plaintiff points out that the Complaint specifically alleges as follows: "During this visit Defendant Pearson performed a quick examination of Plaintiff's teeth and stated, '[Y]our cavities can go longer before I'm going to fill them.'"  (ECF No. 9, ¶ 9.)  Again, though the Court does not discern much daylight between Plaintiff's allegations and the language used in the Recommendation, it resolves the pending Motions with this specific allegation, and the reasonable inferences that can be drawn from it, in mind.

With these caveats, the Court adopts the Background section of the Recommendation. (*See* ECF No. 66 at 2-7.)  As the parties are already familiar with Plaintiff's allegations, the Court sees no reason to repeat them, except when doing so helps explain the Court's reasoning.

## II.     LEGAL STANDARDS

### A.     Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

### B.     Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### C.     Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### D.     Qualified Immunity

Qualified immunity shields individual defendants named in § 1983 actions from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Gutteridge v. Oklahoma*, 878 F.3d

1233, 1238 (10th Cir. 2018); *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). At the motion to dismiss stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness. *See Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Once the qualified immunity defense is asserted, the plaintiff bears a heavy two-part burden to show, first, the defendant's actions violated a constitutional or statutory right, and, second, that the right was clearly established at the time of the conduct at issue." *Id.* (quotation omitted).

### E.  Supervisory Liability and Policy or Custom Liability

"Liability of a supervisor under § 1983 must be predicated on the supervisor's deliberate indifference, rather than mere negligence." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997). In addition, the plaintiff must show that an affirmative link exists between the alleged deprivation of his rights and the supervisor's personal participation, exercise of control or direction, or failure to supervise. *Id.* Similarly, to establish a claim based on a policy or custom, the plaintiff must show a direct causal link between the policy or custom and the injury alleged. *See Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019) (describing how a policy or custom can provide a basis for municipal liability).

## III.  ANALYSIS

### A.  Defendant Pearson

In the Complaint, Plaintiff asserts claims for deliberate indifference in violation of the Eighth Amendment and retaliation under the First and Fourteenth Amendments against Defendant Pearson.

"Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). Deliberate indifference claims have an objective and subjective component, requiring the plaintiff to demonstrate a sufficiently serious need and that the defendant knew he faced a substantial risk of harm and disregarded that risk. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001).

The magistrate judge concluded that Plaintiff's allegations were sufficient to state a serious medical need but insufficient to support an inference that Defendant Pearson knew about and disregarded a substantial risk of harm to Plaintiff's health and safety. Essentially, the magistrate judge concluded that Plaintiff had not been denied medical care because he had seen Defendant Pearson at least three times in the span of less than a year and because his mere disagreement about his course of treatment could not establish deliberate indifference by Defendant Pearson. Thus, the magistrate judge recommends dismissing the Eighth Amendment claim against Defendant Pearson.

To state a retaliation claim against Defendant Pearson, Plaintiff needed to allege (1) that he was engaged in constitutionally protected activity; (2) that Defendant Pearson's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that Defendant Pearson's adverse action was substantially motivated as a response to his exercise of constitutionally protected conduct. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

The magistrate judge determined that Plaintiff's allegations that Defendant Pearson had forced him to read aloud the grievances he had submitted, subjected him to physical and verbal aggression, and made statements that could be considered threatening in connection with the

6

treatment he could expect to receive were sufficient to state a retaliation claim. The magistrate judge further determined that it was clearly established that prison officials may not retaliate against prisoners who file grievances, and therefore Defendant Pearson was not entitled to qualified immunity.

1. Plaintiff's Objection

With respect to his Eighth Amendment claim against Defendant Pearson, Plaintiff contends that even though he saw Defendant Pearson three times, he "was turned away without treatment or any form of relief." (ECF No. 71 at 3.) However, the Complaint alleges that in response to Plaintiff's complaints of discomfort and sensitivity, x-rays were taken, and Defendant Pearson diagnosed him with several dental needs. (ECF No. 9, ¶¶ 2, 4, 5.) Plaintiff obtained multiple dental appointments, during which Defendant Pearson offered to perform services such as filing down a tooth, pulling three teeth, and filling one tooth. (*Id.* at ¶¶ 8, 60.) On the other hand, the allegations also show that Defendant Pearson denied some of Plaintiff's requests, such as his request that an old filling be refilled, his request for a mouth guard, and his requests that certain cavities be filled. (*Id.* at ¶¶ 8, 11, 12.) And Plaintiff also alleges that he expressed concerns about his treatment and that Defendant Pearson often disagreed with him—at times harshly. (*Id.* at ¶¶ 62, 65, 67, 69.) To give an example, Defendant Pearson allegedly responded to one inquiry by stating, "'Oh, you're gonna tell me how to do my job[;] you know everything' while waving the grievance in Plaintiff's face." (*Id.* at ¶ 63.) Plaintiff further alleges that Defendant Pearson denied or failed to respond to some of his grievances and complaints. (*Id.* at ¶¶ 17, 20, 21, 27.)

But the Court finds these allegations, considered together, are consistent with the magistrate judge's conclusion that Plaintiff failed to state a plausible Eighth Amendment claim

7

against Defendant Pearson. Although Defendant Pearson diagnosed Plaintiff with "needing fillings" in May 2021, that does not mean Plaintiff was permitted to control the course of his treatment thereafter or that Defendant Pearson's assessment might not change over time. A prisoner's disagreement with medical staff about the course of his treatment "does not give rise to a claim for deliberate indifference to serious medical needs." *Perkins*, 165 F.3d at 811.

Moreover, even if the allegations against Defendant Pearson are construed as stating a claim for medical malpractice or negligence, "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Thus, even if the assessment that Plaintiff's cavities "could go longer" before Defendant Pearson was going to fill them was incorrect, it does not follow that Defendant Pearson was deliberately indifferent to Plaintiff's serious medical needs.

In addition, to the extent Plaintiff objects to the magistrate judge's consideration of matters outside of his Complaint, the Court finds that the documents attached to Plaintiff's original Complaint were appropriately considered without converting the Motions to Dismiss into a motion for summary judgment because they are central to his claims and their authenticity is not disputed. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

        2.      <u>Defendant Pearson's Objection</u>

Defendant Pearson contends that the magistrate judge erred by concluding both that Plaintiff adequately pleaded a First Amendment retaliation claim and that he is not entitled to qualified immunity. The Court is not persuaded by either contention.

To begin with, Defendant Pearson does not dispute that Plaintiff engaged in protected

8

activity by filing grievances against him.

With respect to the second element of a retaliation claim, the magistrate judge determined that Defendant Pearson's conduct, as alleged, would deter a person of ordinary firmness from continuing to file grievances against him. Defendant Pearson contends that Plaintiff merely alleges "a disagreement or verbal argument," which is not enough to state a retaliation claim. However, construing the allegations in Plaintiff's favor, the Court disagrees with Defendant Pearson's characterization of the relevant circumstances. *See Thomas*, 765 F.3d at 1194. The Complaint describes a heated and escalating series of exchanges between Plaintiff and Defendant Pearson during the December 2021 appointment. (ECF No. 9, ¶¶ 41, 45, 46, 48, 51, 53, 58, 63, 71.) The Complaint also describes Plaintiff as "scared and visibly shaking" when he was directed to read the grievances and states that he "collapsed . . . overtaken by emotions" at the end of the encounter. (*Id.* at ¶¶ 49, 76.) Given the nature of the encounter as well as the trepidation often associated with dental care, the Court finds the Complaint sufficiently alleges that Defendant Pearson's statements could be reasonably interpreted as veiled threats to punish Plaintiff for filing grievances against him. Although the record reflects that Plaintiff was not deterred from filing additional grievances, the allegations present a scenario which could deter a person of ordinary firmness from doing so. Therefore, Plaintiff has not shown the magistrate judge erred by concluding that this element was satisfied for purposes of surviving a motion to dismiss.

With respect to the third element, the magistrate judge determined that Defendant Pearson was obviously aware of the grievances Plaintiff had filed, that Plaintiff's complaint was directed at Defendant Pearson's actions, and that Defendant Pearson's retaliatory acts closely followed Plaintiff's complaint. Defendant Pearson's attempt to paint the encounter as "nothing

more than a disagreement" about Plaintiff's recommended treatment plan is simply unavailing based on the surrounding circumstances and with the case in its current posture. (ECF No. 67 at 11.) Accordingly, the Court agrees with the magistrate judge's assessment that Plaintiff's allegations satisfy this element as well.

Finally, Defendant Pearson contends that the magistrate judge erred by concluding that his alleged conduct violated clearly established law, precluding him from receiving qualified immunity. As a general principle, Defendant Pearson does not dispute that a prison official cannot retaliate against a prisoner who files a grievance against him. *See Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) ("[I]f in fact [prison] officials retaliated against [the plaintiff] based on his filing administrative grievances, they may be liable for a violation of his constitutional rights."). Rather, he contends that his alleged conduct does not rise to the level of conduct deemed to be retaliatory. But, once again, Defendant Pearson's attempt to downplay the events in the Complaint as describing mere "verbal harassment" devoid of the "tangible or concrete" action required to state a retaliation claim in the prison context is unavailing at this stage of the case. (ECF No. 67 at 13.) As discussed above, the extent of Defendant Pearson's alleged aggressiveness is gauged for present purposes by viewing the allegations in the light most favorable to Plaintiff. As a result, the Court agrees with the magistrate judge's determination that Defendant Pearson is not entitled to qualified immunity.

### B. CDOC Defendants

Plaintiff asserts claims for deliberate indifference to his serious dental needs against Defendants Fairbairn, Gouty, and Hale. He alleges claims for creating or allowing an unconstitutional policy or custom and supervisory liability for failure to train or supervise against Defendants Fairbairn, Hale, Brodeur, and Maul.

The magistrate judge determined that Plaintiff failed to state a deliberate indifference against Defendant Fairbairn because there were no allegations that he was personally involved in any delayed or denied medical care, that he had the authority to act as a gatekeeper in the provision of care to Plaintiff, or that he could not have reasonably relied on the advice and course of treatment prescribed by Defendant Pearson.  Plaintiff failed to state such a claim against Defendant Gouty because he did not allege that she had any role in determining his course of treatment.  And he failed to state such a claim against Defendant Hale due to the lack of allegations as to what he could have done by way of intervening in Plaintiff's dental care.  In the absence of any underlying Eighth Amendment violation, the magistrate judge further determined that Plaintiff's claims against the CDOC Defendants premised on supervisory liability necessarily failed as well.

With respect to Plaintiff's remaining claims against the CDOC Defendants, the magistrate judge determined that Plaintiff had failed to identify a deficient training program or explain the causal connection between any deficient training or lack of supervision and Defendant Pearson's allegedly retaliatory conduct.  Nor had Plaintiff adequately alleged the existence of a policy or custom that played a part in any alleged violation of his rights.  Therefore, the magistrate judge recommends dismissing all Plaintiff's claims against the CDOC Defendants.

1.   <u>Plaintiff's Objection</u>

Regarding his Eighth Amendment claims against Defendants Fairbairn, Gouty, and Hale, Plaintiff fails to raise any sufficiently specific objections that identify disputed factual or legal issues.  For example, he does not identify allegations in the Complaint that show Defendant Fairbairn, the warden at Arkansas Valley Correctional Facility, was personally involved in

11

Plaintiff's dental care.  Plaintiff does not identify allegations that show Defendant Gouty had a role in determining his course of treatment.  And Plaintiff does not identify allegations that show Defendant Hale had any opportunity to intervene in his dental care.  Instead, Plaintiff seems to argue that these Defendants had a general duty to ensure he received adequate medical care and that, because he is dissatisfied with the care he has received, they necessarily acted with deliberate indifference to his serious needs.  But in the absence of allegations of these Defendants' personal involvement in Plaintiff's dental care, the conclusory allegations Plaintiff relies on are insufficient to state a plausible claim for relief.  Under the circumstances, the Court discerns no basis for concluding that the magistrate judge's Recommendation to dismiss these claims is incorrect.

Regarding his remaining claims against the CDOC Defendants, Plaintiff also fails to raise any specific objections to the magistrate judge's analysis of the facts or law.  Moreover, Plaintiff admits that he does not "know the specific details of the various training programs designed for various individuals in various positions with various roles."  (ECF No. 71 at 9.)  The absence of facts describing how these Defendants' supervision was inadequate or how their inadequate supervision caused Plaintiff's injury is fatal to his claims premised on a failure to supervise.  *See Waller*, 932 F.3d at 1289.  Further, the absence of facts describing a policy or custom of "looking the other way" or an underlying violation of his rights is fatal to Plaintiff's claims premised on such a policy or custom.  Accordingly, the Court accepts the magistrate judge's Recommendation to dismiss these claims and overrules Plaintiff's Objection as it pertains to his claims against the CDOC Defendants.

## IV. CONCLUSION

For the reasons stated, the Court ORDERS as follows:

(1)  Defendant Pearson's Objection (ECF No. 67) is OVERRULED;

(2)  Plaintiff's Objection (ECF No. 71) is OVERRULED;

(3)  the Recommendation (ECF No. 66) is ACCEPTED;

(4)  the CDOC Defendant's Motion to Dismiss (ECF NO. 32) is GRANTED; and

(5)  Defendant Pearson's Motion to Dismiss (ECF No. 34) is GRANTED IN PART and DENIED IN PART.  Plaintiff may proceed with his retaliation claim against Defendant Pearson only.

DATED this 18th day of August, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge