**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 22-cv-01312-RM-NRN

LARON ANTONIO DONALD,

      Plaintiff,

v.

DOUGLAS L. PEARSON,

      Defendant.

---

**ORDER**

---

This action brought under 42 U.S.C. § 1983 is before the Court on Plaintiff's Combined

Motion Pursuant to Fed. R. Civ. P. 59 and 60 (ECF No. 85), seeking reconsideration of the

Court's August 18, 2023, Order (ECF No. 75), dismissing several of Plaintiff's claims but

allowing his First Amendment retaliation claim against Defendant Pearson to proceed.

Defendant filed a Response to the Motion (ECF No. 90), and Plaintiff filed a Reply (ECF

No. 95).  The Court denies the Motion for the reasons below.

Plaintiff, a prisoner in the custody of the Colorado Department of Corrections, proceeds

pro se in this matter.[1]  As explained more fully in the Court's Order and the magistrate judge's

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519,
520-21 (1972).  But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the
Court does not supply additional factual allegations to round out a complaint or construct legal theories on his
behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's
failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction,
or unfamiliarity with pleading requirements, but it does not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991).

Recommendation (ECF No. 66), the claims in Plaintiff's Amended Prisoner Complaint (ECF No. 9) stem from his inability to obtain satisfactory dental care.  However, because Plaintiff's retaliation claim remains pending and no final judgment has been entered, neither Fed. R. Civ. P. 59(e) nor Fed. R. Civ. P. 60(b) provides a basis for relief.

To the extent Plaintiff relies on the Court's broad discretion to reconsider interlocutory orders, *see Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007), the Court is not persuaded that exercise of such discretion is appropriate here.  From the Court's perspective, this case boils down to a mere disagreement between Plaintiff and Defendant Pearson about the proper course of treatment for his dental needs.  Plaintiff cites no intervening change in the controlling law or any new evidence that was previously unavailable.  The Court discerns no clear error or manifest injustice with respect to the Order that is the basis for Plaintiff's current Motion.

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 85).

DATED this 13th day of December, 2023.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge

2