IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-01312-RM-NRN

LARON ANTONIO DONALD,

    Plaintiff,

v.

DOUGLAS L. PEARSON,

    Defendant.

**ORDER**

    Plaintiff, a prisoner in the custody of the Colorado Department of Corrections ("CDOC"), filed this pro se lawsuit when he was unable to obtain satisfactory dental care in prison.[1] The Court has dismissed all his claims except for his First Amendment retaliation claim against Defendant Pearson, a CDOC dentist. (ECF No. 75.) This Order addresses Plaintiff's Objections directed at two discovery rulings by the magistrate judge. (ECF Nos. 202, 215.) Defendant Pearson and former Defendant CDOC have filed Responses to the Objections (ECF Nos. 205, 218, 219), and Plaintiff has filed Replies (ECF Nos. 214, 220). The Court overrules the

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Objections for the reasons below.

## I.     LEGAL STANDARD

This Court can modify or set aside a magistrate judge's order on nondispositive matters only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997).  The Court must have "a definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

## II.    FIRST OBJECTION

In his Motion for Subpoena Duces Tecum (ECF No. 181), Plaintiff sought evidence pertaining to the placement of mounted surveillance cameras within the medical unit at the Arkansas Valley Correctional Facility, where the incident between him and Defendant Pearson occurred.  Citing declarations by the CDOC that no video footage exists because "no cameras point into the exam rooms" and "all footage is written over after fourteen days," the magistrate judge found that Plaintiff sought "information that is not relevant to the claim at issue in this case" and denied the Motion.  (*Id.*)

In his first Objection, Plaintiff contends that the CDOC misrepresented "the number of cameras and their respective positions."  (ECF No. 202 at 2.)  However, in the absence of any showing that relevant video footage still exists, the layout and number of cameras is not relevant to Plaintiff's claim.  On the current record, the Court cannot conclude that the magistrate judge's handling of this matter was clearly erroneous or contrary to law.

## III.   SECOND OBJECTION

In his Motion for Sanctions (ECF No. 155), Plaintiff sought spoliation sanctions,

including adverse inference instructions, due to Defendant Pearson's failure to produce in discovery video footage from of the incident, investigative reports, tangible communications, mental health records, and third-party grievances.  In denying the Motion, the magistrate judge found there was no evidence that Defendant Pearson had custody or control over the video footage or the authority to access the cameras or any video footage or to influence the retention of the footage.  With respect to the investigative reports and tangible communications, the magistrate judge noted Plaintiff's failure to "point to any evidence that would suggest these reports or communications exist." (ECF No. 211 at 16.)  Regarding the mental health records, the magistrate judge noted Plaintiff's failure to "argue that any mental health records remain outstanding." (*Id.* at 16-17.)  And regarding the third-party grievances, the magistrate judge noted that the CDOC had already been ordered to produce redacted versions of them.  Thus, the magistrate judge found that sanctions were not justified and denied the Motion.

In his Objection, Plaintiff fails to meaningfully address these findings by the magistrate judge.  In the absence of any evidence that rebuts them, the Court is not persuaded that the denial of his Motion was clearly erroneous or contrary to law.

IV.  **CONCLUSION**

Therefore, the Court OVERRULES Plaintiff's Objections (ECF Nos. 202, 215).

DATED this 12th day of January, 2026.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

3