IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-01312-RM-NRN

LARON ANTONIO DONALD,

    Plaintiff,

v.

DOUGLAS L. PEARSON,

    Defendant.

---

## ORDER

---

This prisoner civil rights case is before the Court on Defendant's Motion for Summary Judgment (ECF No. 191), which has been fully briefed (ECF Nos. 203, 208) and is granted for the reasons below. Plaintiff's pending Motion for Summary Judgment (ECF No. 196) is denied as moot.

**I.    LEGAL STANDARD**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).  "The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact.  *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019).  If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to him to set forth specific facts showing that there is a genuine issue for trial.  *See id.*  If he fails to make a sufficient showing to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

## II.   BACKGROUND

Plaintiff, a prisoner in the custody of the Colorado Department of Corrections ("CDOC"), filed this pro se lawsuit when he was unable to obtain satisfactory dental care in prison.[1]  The

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence

Court has dismissed all his claims except for his First Amendment retaliation claim brought under 42 U.S.C. § 1983 against Defendant, a CDOC dentist.  (ECF No. 75.)  This claim arises from a dental appointment Plaintiff had with Defendant at the Arkansas Valley Correctional Facility.  Before the appointment, Plaintiff filed multiple grievances against Defendant.  At the appointment, according to Plaintiff, Defendant threatened and assaulted him because of those grievances.  Although aspects of the appointment are disputed, for present purposes the Court provides the following synopsis derived from Plaintiff's Motion for Summary Judgment.

When Plaintiff arrived at his appointment, Defendant confronted him with the grievances he had filed, asked if he wrote them, and yelled, "Do you think it was wise to do this when I'm the one who is going to perform a surgical procedure on you?"  (ECF No. 196 at 3.)  Defendant, who was "visibly enraged," then shoved the grievances into Plaintiff's hands and demanded that he read them out loud.  (*Id.*)  Defendant then asked again, "Do you think it was wise to do this when I'm the one who is going to perform a surgical procedure on you?"  (*Id.*)  Although Plaintiff calmly explained that he was simply seeking help with his pain, Defendant spent about twenty minutes verbally abusing Plaintiff for the grievances and accusing Plaintiff of trying to tell him how to do his job.  (*Id.* at 3-4.)  After Plaintiff asked about the treatment plan for the appointment, Defendant told Plaintiff he would pull three teeth and fill one.  (*Id.* at 4.)  Plaintiff believed this was inconsistent with Defendant's previous diagnosis of his dental needs.  (*Id.*)  Plaintiff also suspected that pulling three teeth was a means for Defendant to act on his veiled threats to harm him.  (*Id.*)  Plaintiff indicated he did not want any teeth pulled and asked to be shown in the mirror which tooth would be filled.  (*Id.*)  Defendant then "became even more

---

construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

angry, grabbed a mirror and shoved it so violently into [Plaintiff's] hand that it caused [him] to jerk his wrist back in pain." (*Id.*) Plaintiff stood up, told Defendant he was leaving, and exited the examination room, ending the appointment. (*Id.*)

### III. ANALYSIS

Defendant first argues that even if the Court credits Plaintiff's version of events, he cannot show that he suffered a legally cognizable injury. The Court agrees.

Prison officials may not retaliate against an inmate because he exercises his constitutional rights, including by filing administrative grievances. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). To advance his claim, Plaintiff must establish that (1) he engaged in constitutionally protected activity; (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct. *See Klen v. City of Loveland*, 661 F.3d 498, 508 (10th Cir. 2011). Because the standard for evaluating the chilling effect of a defendant's conduct is objective, a trivial or de minimis injury will not support a claim. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Here, Plaintiff has failed to adduce evidence that creates a genuine issue regarding the second element of his claim. In his Response, he asserts that Defendant "maliciously assaulted [him] using a mirror as a weapon, causing him to suffer conscious-shocking physical pain and injuries that he nursed for months." (ECF No. 207 at 3.) But to survive summary judgment, Plaintiff may not simply rest on the pleadings, he needs to set forth specific facts showing that there is a genuine issue for trial. *See Tesone*, 942 F.3d at 994. Despite Plaintiff's hyperbolic account of Defendant's conduct and Plaintiff's resulting injury, Plaintiff has identified no

4

evidence showing that he sustained an injury that was more than de minimis.  It is undisputed that Plaintiff did not bleed or bruise from the mirror being shoved at him and that he did not seek medical treatment for his hand.  (ECF No. 209, ¶¶ 17, 19.)  He cites no other objective evidence to support his assertion that Defendant assaulted him with the mirror.  The Court finds this does not meet the objective standard of conduct that would chill a person of ordinary firmness from exercising his right to file grievances.

Further, though it is undisputed that Plaintiff felt scared and threatened from his interaction with Defendant (ECF No. 209, ¶ 12), that alone is not enough to show that Defendant's alleged verbal abuse rose to a level that meets the objective standard for a retaliation claim.  Plaintiff offers no analogous authority to the contrary.  "Generally, verbal abuse is insufficient to state a constitutional deprivation."  *Walker v. Young*, 958 F.2d 381 (Table), 1992 WL 49785, at *2 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).  In *Walker*, the inmate plaintiff alleged that an officer threatened to get even with him for filing a grievance and labeled him a snitch, putting him at risk of injury from other inmates.  *Id.* at *1-2.  The Tenth Circuit affirmed the district court's decision to dismiss the inmate's claim because he failed to demonstrate sufficient harm to state a cause of action for damages.  *Id.* at *2.  Under the circumstances presented, the Court concludes Plaintiff has not demonstrated a sufficient injury to satisfy the second prong of a retaliation claim.

Defendant also argues that even if Plaintiff could demonstrate a violation of his constitutional rights, Defendant is entitled to qualified immunity because Plaintiff also has not shown the law was sufficiently clear that a reasonable official in Defendant's position would have understood that his conduct violated Plaintiff's First Amendment rights.  Again, the Court agrees with Defendant's position.

5

Qualified immunity shields individual defendants named in § 1983 actions unless their conduct was unreasonable in light of clearly established law. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[W]hen a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Id.* (quotation omitted).

With regard to the second prong, Plaintiff cites no authority, and the Court has found none, where a dentist or other medical provider acting under similar circumstances to Defendant was held to have violated a prisoner's First Amendment rights. Even if Defendant's proposed treatment plan constituted an implied threat and a sufficient "injury" to support a retaliation claim, any potential "chilling effect" was mitigated here because Plaintiff was able to decline any treatment he did not want and ended the appointment of his own volition. In determining whether qualified immunity attaches to an official's conduct, the clearly established law must be particularized to the facts of the case. *See White v. Pauly*, 580 U.S. 73, 79 (2017) (reiterating the principle that clearly established law should not be defined at a high level of generality). The Tenth Circuit has held that verbal harassment accompanied by unprofessional and unpleasant conduct does not constitute adverse action sufficient to support a retaliation claim. *Requena v. Roberts*, 893 F.3d 1195, 1211-12 (10th Cir. 2018). And in *Buchanan v. Johnson Cty. Sheriff's Dep't*, 2019 WL 3453738, at *3 (D. Kan July 31, 2019) (unpublished), the district court concluded that screaming at an inmate, humiliating him, and telling him to stop filing grievances was insufficient to state a retaliation claim. *See id.* at *3 ("While the conduct described by Plaintiff in the complaint is not what should be expected from health care or corrections professionals, it does not rise to the level of a constitutional violation."). Accordingly, the Court

finds the absence of pre-existing law that would have made the unlawfulness of Defendant's conduct apparent entitles him to qualified immunity, providing another basis for granting summary judgment in Defendant's favor.

## IV. CONCLUSION

Therefore, Defendant's Motion for Summary Judgment (ECF No. 191) is GRANTED, and Plaintiff's Motion (ECF No. 196) is DENIED AS MOOT. The Clerk is directed to CLOSE this case.

DATED this 16th day of January, 2026.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge